

**MEMO ENDORSED**

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Genevieve Nelson<br>*Senior Counsel*<br>Phone: (212) 356-2645<br>Fax: (212) 356-3509<br>gnelson@law.nyc.gov |
|---|---|---|

August 16, 2019

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Philip DeBlasio v. Police Officer Nieves, et al.</u>
              18 CV 9360 (AT) (OTW)

Your Honor:

        I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York. Defendants write in response to the Court's Scheduling Order dated June 18, 2019, which directed the parties to meet and confer regarding discovery and to file a joint letter informing the Court about the status of discovery. (ECF No. 24.)

        On August 14, 2019, the parties conferred by telephone to discuss the outstanding discovery. The topics set forth herein were discussed during that call.

        As an initial matter, Defendants want to advise the Court, as we did Plaintiff, that this case has been assigned to a new Assistant Corporation Counsel, William Gosling. Mr. Gosling is not yet admitted to the New York State Bar and is handling this matter under my supervision.

<u>Status of Discovery</u>

        First, on June 14, 2019, Defendants served Plaintiff with their Initial Disclosures, which included one-hundred and sixty-eight (168) pages of documents. Plaintiff confirmed that he received them, however, Plaintiff advised that his copy was destroyed at the correctional facility and thus, Defendants will provide Plaintiff with a courtesy copy by mail.

        Second, on August 7, 2019, as part of Defendants' Initial Disclosures, Defendants also mailed to Marcy Correctional Facility, Plaintiff's current place of incarceration, two (2) DVDs containing surveillance videos relevant to the incident. Additionally, Defendants arranged for Marcy to schedule a time for Plaintiff to view the videos. However, on August 12, 2019, Marcy advised Defendants that the DVDs would not load in the facilities' DVD player. As such, Defendants requested that Marcy return the DVDs and Defendants would create new copies. During the parties' telephone call on August 14th Defendants advised Plaintiff of the status of

the DVDs and informed Plaintiff that new DVDs containing the surveillance videos would be sent to the Plaintiff's facility.

Third, the Defendants informed Plaintiff that we anticipate taking Plaintiff's deposition in November. Plaintiff represented that he had no upcoming court dates or anything in November that would conflict with his deposition being taken in November. Defendants also advised Plaintiff that we would have to first seek permission from the Court and may possibly have him transferred to Sing Sing Correctional Facility for his deposition to which Plaintiff had no objections.

Fourth, Defendants served Plaintiff with Defendants' First Set of Interrogatories and Request for Production of Documents on June 17, 2019. Plaintiff stated that he did receive this document but to date, plaintiff has not responded. Defendants advised Plaintiff that under the Federal Rules of Civil Procedure Rule 33(b)(2) and Rule 34(b)(2)(a) Plaintiff was to respond in writing within 30 days after being served. Plaintiff informed Defendants that this document was also damaged and requested another copy. As such, Defendants will send Plaintiff a courtesy copy. Defendants again advised Plaintiff that he must respond within 30 days.

Fifth, the parties discussed Plaintiff providing Defendants with executed medical releases which Defendants have not yet received. Blank releases were mailed to Plaintiff on three separate occasions: November 15, 2018, December 17, 2018, and again on June 17, 2019 as part of Defendants First Set of Interrogatories and Request for Production of Documents. Plaintiff stated that medical releases were not warranted in this case because Plaintiff did not sustain any physical injury as a result of this incident. Defendants reminded Plaintiff that he alleges in the Complaint that the Defendants "assaulted" him. Therefore, medical records from New York City Health + Hospital Corporation and Lenox Hill Hospital, where Plaintiff was treated after the incident, are needed. Thereafter, Plaintiff agreed to complete and sign two sets of the medical releases. Defendants advised Plaintiff that new sets of medical releases were mailed to Plaintiff on August 12, 2019, and August 14, 2019, in which Defendants highlighted the sections on the medical releases that must be completed by Plaintiff. Defendants also included with the blank releases self-addressed envelopes with pre-paid postage, for Plaintiff to return the executed medical releases.

Settlement:

As part of the June 18th Court Order, Your Honor advised the parties to discuss whether the parties wish to schedule a settlement conference. Plaintiff informed Defendants that he would be open to settlement and made a settlement demand. However, at this time, Defendants currently do not have authority to settle this case and must first obtain, at a minimum, the medical records in order to properly assess the value of this case. Therefore, at this time, a settlement conference would be premature.

The parties thank the Court for its consideration in this regard.

Respectfully submitted,

Genevieve Nelson
Senior Counsel
Special Federal Litigation Division

cc: **BY FIRST-CLASS MAIL**
Philip DeBlasio
DIN # 19A0070
Plaintiff *Pro Se*
New York State Department of Corrections Community Services
Marcy Correctional Facility
9000 Old River Road P.O. Box 3600
Marcy, New York 13403

> Defendants shall file a joint status letter by **November 22, 2019**. The status letter shall include identification of any outstanding discovery and indicate whether any extensions of discovery deadlines are needed.
>
> **SO ORDERED.**
>
> Ona T. Wang     11/12/19
> U.S. Magistrate Judge